UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KENDRICK HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-222 RWS |
| | ) | |
| UNKNOWN PITTERLE, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action brought pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. After reviewing plaintiff's financial affidavit, plaintiff's request to proceed in forma pauperis will be granted. However, plaintiff's complaint will be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He has named the St. Louis Police Department and City Police Officer Pitterle as defendants in this action, as well as an individual named Terrance McCoy.

Plaintiff asserts that he called the police on January 16, 2017, and Officer Pitterle "disrespected" him by verbally threatening him because he had "called the police." Plaintiff asserts that Officer Pitterle's job is to "protect and serve, not to harass tax paying citizens."

Plaintiff claims he was physically assaulted by Terrance McCoy and he called the police on him for selling drugs.

Plaintiff seeks monetary damages in his request for relief.

## Discussion

Plaintiff's claim against Officer Pitterle is wholly conclusory and is not entitled to an assumption of truth. *See Iqbal*, 129 S.Ct. at 1949.[1] Moreover, plaintiff sues Officer Pitterle in his official capacity only, and he does not allege that a policy or custom of the City of St. Louis caused him harm. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) (where capacity is no alleged, complaint is interpreted as containing only official capacity claims); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (municipal policy or custom requirement). For these reasons, plaintiff's claims against the City of St. Louis Police Department must also fail. *See also Ketchum v. City of West Memphis*, Ark., 974 F.2d 81, 82 (8th

---

[1]Even if Officer Pitterle did engage in verbally threatening plaintiff in some way, verbal threats do not rise to the level of constitutional violations. See *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *King v. Olmsted*, 117 F.3d 1065, 1067 (8th Cir. 1997).

Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Finally, plaintiff's claim against Terrance McCoy is legally frivolous under 42 U.S.C. § 1983 because he is not alleged to be a state actor. See *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999) ("Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 19th day of January, 2017.

　　　　　　　　　　　　　　　　　／s／ Rodney W. Sippel
　　　　　　　　　　　　　　　　　RODNEY W. SIPPEL
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE